**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**MIGUEL A CALDERON LANZAR**<br>**VANESSA M ANGUITA ALVARADO**<br><br>**Debtor(s)** | **CASE NO. 12-07335 BKT**<br>**Chapter 13**<br><br>**Adversary No. 12-0422** |

**MIGUEL A CALDERON LANZAR**
**VANESSA M ANGUITA ALVARADO**

**Plaintiff**

**vs.**

**BANCO POPULAR DE PR**

**Defendants**

<span style="color:red">**FILED & ENTERED ON 6/3/2014**</span>

**<u>OPINION AND ORDER</u>**

Before the court is the motion for summary judgment filed by Plaintiffs [Dkt. No. 22], cross motion for summary judgment filed by Banco Popular de Puerto Rico ("BPPR") [Dkt. No. 24], and answers to orders by even parties [Dkts No. 31 & 33]. For the reasons set forth below, Plaintiffs' motion for summary judgment is partially granted.

**I.      Background**

On December 13, 2012, Plaintiffs filed the adversary complaint against BPPR under sections 522(d)(11) and 541(C)(2) of the Bankruptcy Code.  In sum, Plaintiffs seek payment of $8,443.82,

garnished by BPPR from an IRA account prior to the filing of the voluntary petition. Plaintiffs also request an award of $1,000.00 for pain and suffering, as well as attorney fees. The complaint was amended on March 18, 2013, to assert that BPPR's actions are subject to the avoidance powers of the debtors under 11 U.S.C. 547 (b), available to debtor under 11 U.S.C. 522 (h). In its answer to the amended complaint BPPR asserts that the funds were garnished pre-petition. As such, BPPR claims that the judicial lien over the funds was perfected prior to the filing of the petition and, as a result, that the funds are not property of the bankruptcy estate.

The basis of the adversary complaint is a state court judgment for collection of monies in favor of BPPR as creditor of a credit card debt incurred by the debtors. The state court issued a judgment on April 20, 2012, finding that debtors defaulted in their payments to the credit card account. On July 20, 2012, the state court issued a writ of execution to garnish the funds in two (2) IRA accounts in BPPR that belonged at that time to the debtors. The writ was executed on July 31, 2012. At the time of the execution, the balance of Miguel Calderon Lanzar's IRA account was $5,347.36 and the balance of Vanessa Anguita's IRA account was $3,110.45. A deduction of a mandatory tax penalty for the Puerto Rico Treasury Department was made with the cancellation of both IRA's accounts: a $534.74 deduction was made to Miguel Calderon Lanzar's IRA account and $311.05 to Vanessa Anguita's IRA account. Also, an early cancellation fee was applied by BPPR to both IRA's accounts: $78.69 was deducted from Miguel Calderon Lanzar's IRA account and $13.00 was Vanessa Anguita's IRA account. As a result, BPPR issued two (2) checks to the order of to the Court of First Instance of Puerto Rico: (1) check number 10312410001802, in the amount of $4,728.93, dated July 31, 2012, (2) check number 103111000010000, in the amount of $2,781.40, and dated August 2, 2012. The checks were handled to the state court officer on August 2, 2012. On

August 7, 2012, the amount of $7,510.33, seized by BPPR to satisfy the state court judgment, was consigned in a bank account of the Court of First Instance. Debtors filed their voluntary petition on September 17, 2012. Following a state court order, on October 26, 2012 the Clerk of the Court of First Instance of Puerto Rico issued a check of $7,510.33, to the order of BPPR.

In requesting summary judgment Plaintiffs argue that at the time of the filing of the voluntary petition the proceeds garnished by BPPR were still in transit from the IRA account to the Court of First Instance of Puerto Rico. Plaintiffs also argue that the amounts garnished by BPPR belong to debtors pursuant to section 362(a)(2), that the IRA accounts became an interest of the estate from the filing of the petition by virtue of section 541(c)(1) and, alternatively, that the debtors can exercise the avoidance powers of a Trustee under sections 547(b) and 522(h).

BPPR also requests summary judgment maintaining that the funds from the IRA accounts were not property of the bankruptcy estate at the time of the filing of the voluntary petition.

On December 4, 2013, the court ordered both parties to file briefs on the effect and legal ownership of the funds in possession of a third party. After several procedural incidents, Plaintiffs submitted their positions asserting that "be it under section 547 treated as a preference; or under 541 treated as property of the estate or under 542 treated as a turnover of property of the estate the result is the same; the money that was seized from debtors IRA accounts must be returned intact to the debtors as they requested an exemption over it when they filed their bankruptcy petition." BPPR, in turn, asserts that the IRA funds were seized or garnished on July 31, 2012, when the writ of execution was handed to the bank employee, and from that moment the judicial lien was perfected according to state law. BPPR further argues that Plaintiffs, who are debtors in a chapter 13 case, cannot exercise the avoidance powers of the trustee under §547(b). However, BPPR concedes that

Plaintiffs' request for the turnover of the funds under section 522(h) is valid. BPPR accepts to turnover the funds to Plaintiffs, albeit, a reduced amount of $7,510.33, which was the amount consigned with the court and paid to BPPR as part of the state court action. The difference of the $8,443.82 claimed by Plaintiffs, and the $7,510.33 which BPPR is willing to turnover, is that the former was subject to a deduction of the mandatory tax penalty from the Puerto Rico Treasury Department because of the cancellation of both IRA accounts (a $534.74 deduction to Miguel Calderon Lanzar's IRA account and $311.05 to Vanessa Anguita's IRA account) and the IRA early cancellation fee ($78.69 for Miguel Calderon Lanzar's IRA account and $13.00 for Vanessa Anguita's IRA account), which resulted in the latter.

**II.  Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment,

could resolve the dispute in that party's favor." Id. at 4. The Court must view the evidence in a light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos at 388.

**III.    Conclusion**

BPPR concedes that under §522(h), the turnover of the funds garnished from Plaintiffs' IRA accounts is proper. In this fashion, BPPR has acquiesced to the turnover of the funds garnished upon execution of the state court judgment, that is, after the deduction of the legal and administrative deductions. Because of BPPR's acknowledgments, the court will express no opinion with regards to the ownership of the funds or debtor's interest over said funds. However, the court finds no grounds for ordering disbursement of the $8,443.82, where the legal and administrative deductions cannot be attributed to BPPR. Consequently, BPPR is ordered to disburse to Plaintiffs $7,510.33, as follows: the amount of $4,728.93, to the order of Miguel Calderon Lanzar and the amount of $2,781.40, to the order of Vanessa Anguita.

The remaining controversy is whether Plaintiffs are entitled to an award of $1,000.00 for pain and suffering, and an additional amount in attorney fees. In the amended complaint, Plaintiffs' motion for summary judgment and answer to order, Plaintiffs include no statements or evidence that demonstrate that they are entitled to an award for pain and suffering or attorney fees. The only mention of any such remedy is in the prayers for relief where Plaintiffs succinctly mention this request without providing any support for the same. As a result, the court finds there are no grounds to support a damages claim or attorney fees.

WHEREFORE, IT IS ORDERED that Plaintiffs' motion for summary judgment is partially

granted. BPPR is ordered to disburse to Plaintiffs $7,510.33, as follows: the amount of $4,728.93, to the order of Miguel Calderon Lanzar and the amount of $2,781.40, to the order of Vanessa Anguita. Furthermore, Plaintiffs' prayer for award of $1,000.00 for pain and suffering, and an additional amount in attorney fees is denied.

  In San Juan, Puerto Rico this 3nd day of June, 2014.

        Brian K. Tester
        U.S. Bankruptcy Judge